By the Court.
Upon this state of facts we think the District Court did. not err in decreeing dower to the defendant in error.
That the husband of the petitioner was seized of a dowable estate in the premises during the coverture is not denied; and the only point made in the case is, as to the effect of Mrs. Masting’s release to the Carpenters.
It is well settled that a release of dower by a married woman is binding only as against the releasee and his privies. 5 Ohio St. 72; 14 Ib. 450; Ib. 298; 18 Ohio, 567; 8 Met. 40. The petitioner was not a party to the action, wherein the plaintiff in error was decreed the prem ises in controversy, nor does that decree purport to affect her rights in any way. The title of the plaintiff’ in error is not derived through the fraudulent vendees. Those fraudulent deeds were declared void, and the plaintiff took title from the husband of the petitioner, leaving her rights in the property to remain in the exact state they would have occupied had the fraudulent conveyances never been made.

Motion overruled.